Short v. Short 
















IN THE
TENTH COURT OF APPEALS
 

No. 10-92-221-CV

     PAULA RUTH SHORT,
                                                                                              Appellant
     v.

     LONNIE MARK SHORT,
                                                                                              Appellee
 

From the 19th District Court
McLennan County, Texas
Trial Court # 86-2637-1
                                                                                                    

O P I N I O N
                                                                                                    

      Paula Short appeals the trial court's entry of a judgment nunc pro tunc. The parties were
divorced on September 16, 1986. Although the original divorce decree cited the court's approval
of the parties' written agreement "containing provisions for conservatorship and support of the
child," it failed to specifically approve the property settlement portion of the agreement. On
February 10, 1992, Lonnie Short filed a Motion For Judgment Nunc Pro Tunc, asserting that the
judgment entered by the court did not correspond to the judgment rendered by the court on
September 16, 1986. Accordingly, Mr. Short requested that a judgment nunc pro tunc be entered
to reflect the court's approval of the property settlement agreement. The trial court signed a
Judgment Nunc Pro Tunc on June 18, 1992. The court subsequently entered Findings of Fact and
Conclusions of Law, including the following findings of fact:
9.At the hearing on September 16, 1986, the Court was presented with the
Property Settlement Agreement.
10.Upon the conclusion of the presentation of the evidence, the Court expressly
rendered and pronounced judgment in open court that:
a.the divorce was granted; and,
b.that the entire Property Settlement Agreement was approved and adopted as part
of the Court's judgment dividing the marial [sic] estate of the parties and determining the
issues of conservatorship and support.
11.Following the hearing on September 16, 1986, and after the Court's judgment
was rendered and pronounced, the Court signed a Decree of Divorce in the above entitled
and numbered cause which appears at Volume 60, Page 1228-29 of the Court's minutes.
12.That Decree of Divorce, signed by the Court and entered in the minutes, failed
to clearly set forth the judgment of the Court as rendered and pronounced as the judgment
pertained to the division of the marital estate and the designation of separate property of
the parties as set forth in the Property Settlement Agreement.
13.The failure of the Decree of Divorce to clearly represent the judgment of this
Court as rendered and pronounced as the judgment pertained to the division of the marital
estate and the designation of separate property was a mere clerical error.

      In point one Ms. Short contends that the trial court erred in entering the judgment nunc pro
tunc because it amounted to a judicial redetermination rather than the correction of a clerical error
in the original judgment. After a judgment has become final, clerical errors in the entry of the
judgment previously rendered may be corrected by a judgment nunc pro tunc, but judicial errors
in the rendition of judgment may not be corrected.


 The critical inquiry is not what judgment
might or ought to have been originally rendered, but what judgment was in fact rendered.


 A
judgment's rendition is "the judicial act by which the court settles and declares the decision of the
law upon the matters at issue."



      In points two through five Ms. Short challenges the legal and factual sufficiency to support
findings of fact ten through thirteen. In point six Ms. Short challenges finding of fact thirteen,
arguing that as a matter of law the omission in the original divorce decree was not a "mere clerical
error." Whether the errors in the original judgment are judicial or clerical is a question of law,
and the trial court's findings or conclusions as to the nature of the errors are not binding on this
court.


 Whether the court pronounced judgment orally and the terms of the pronouncement are,
however, questions of fact.


 The judicial or clerical question becomes a question of law only after
the trial court factually determines whether it previously rendered judgment and the judgment's
contents.



      The same trial judge who granted the original divorce decree presided over the hearing on the
motion for judgment nunc pro tunc. The court heard evidence that supports its decision to correct
the judgment. Short testified that at the original divorce proceeding the court approved the
property settlement agreement and divided all of the Shorts' community and separate property
according to the provisions of that agreement. According to Mr. Short, most of the transfer
documents necessary to satisfy the property settlement agreement were executed by Ms. Short on
the day after the court granted the divorce. 
      Artie Giotes, the attorney who represented Mr. Short at the divorce proceeding, also recalled
that, after he presented the elements of the divorce and the agreement of the parties through Mr.
Short's testimony, the court orally granted the divorce and approved the property settlement
agreement. Giotes also testified that there was only one agreement, containing provisions for the
division of property, conservatorship, and child support. He acknowledged that the written
divorce decree, which he prepared and presented to the court, did not specifically approve the
property settlement portion of the agreement. According to Giotes, however, the reference in the
decree to a written agreement "containing provisions for conservatorship and child support"
constituted a reference to the entire agreement. He testified that there was no doubt in his mind
that the court approved the entire agreement and divided the property according to the provisions
of that agreement.
      We hold that the evidence is legally and factually sufficient to support the court's factual
determinations on whether the judgment previously rendered included approval of the property
settlement agreement.


 Accordingly, we overrule points of error two through five.
      A clerical error is one that does not result from judicial reasoning or determination.


 
Correction by a judgment nunc pro tunc in the present case would not involve additional judicial
reasoning. The original decree shows the judicial determination that the Shorts' agreement be
approved. Indeed only one agreement, entitled "Property Settlement Agreement," existed. 
Although the written decree entered by the court acknowledged only the conservatorship and child
support provisions of the agreement, the court found that it approved the entire agreement when
it rendered judgment granting the divorce. When a prior judicial determination is evidenced, but
the signed judgment inaccurately reflects the true decision of the court, the error is clerical and
may be corrected.


 The fact that the judgment signed and entered by the court did not conform
to the judgment rendered by the court at the original hearing entitles Mr. Short to a judgment nunc
pro tunc to correct a clerical error in the original divorce decree.


 As a result, we overrule points
of error one and six.
      Finally, in point seven, Ms. Short contends that the judgment nunc pro tunc is void as a
matter of law because the trial court failed to vacate the original judgment. In essence, Ms. Short
argues that, because the judgment nunc pro tunc merely supplements rather than supersedes the
original judgment, it contravenes Rule 301 of the Texas Rules of Civil Procedure. According to
Rule 301, "Only one final judgment shall be rendered in any cause except where it is otherwise
specially provided by law."


 We read Rule 316 as such a provision.


 The authorities cited by
Ms. Short involve attempts to circumvent the appellate timetables by seeking a judgment nunc pro
tunc when an appeal from the original judgment would be dismissed as untimely filed.


 The entry
of such a judgment, which does not in some manner amend the original judgment, does not qualify
as a judgment nunc pro tunc.


 To be a proper judgment nunc pro tunc:
it should recite the corrective procedure, disclose the ground on which the court acts and
indicate the error corrected, specify that it is entered either nunc pro tunc or in lieu of a
former entry, and specifically vacate any prior incorrect entry that it supplants.




      In this case, the judgment nunc pro tunc recited the corrective procedure, disclosed the basis
of the clerical error, and expressly amended the Decree of Divorce to correct an omission from
the original judgment. Because the clerical error was in the form of an omission, there was no
incorrect entry to vacate. The judgment nunc pro tunc satisfied the procedural requirements of
a corrected judgment under Rule 316. Therefore, we overrule point of error seven.
      We affirm the judgment.
 
                                                                                 BOBBY L. CUMMINGS
                                                                                 Justice

Before Justice Cummings and
          Justice Vance
          (Chief Justice Thomas not participating)
Affirmed
Opinion delivered and filed December 30, 1992
Do not publish